# EXHIBIT C

2/18/2016 3:46:20 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9189229
By: Krystal Franklin
Filed: 2/18/2016 3:46:20 PM

**2016-10488 / Court: 215**

CAUSE NO. _____

| | | |
|---|---|---|
| FOREST COLLECTION, INC. | § § § | IN JUDICIAL DISTRICT |
| Plaintiff, | § § | |
| VS. | § § | \_\_\_\_\_ DISTRICT COURT |
| FEDERATED MUTUAL INSURANCE COMPANY | § § § | |
| Defendant. | § § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FOREST COLLECTION, INC. ("Plaintiff" or "Plaintiff FCI"), Plaintiff, and for cause of action against FEDERATED MUTUAL INSURANCE COMPANY ("Defendant" or "Defendant Federated"), Plaintiff would show as follows:

### I.
### Discovery Control Plan

1. Pursuant to Texas Rules of Civil Procedure 190, discovery in this case is intended to be conducted under Level 2.

### II.
### Parties

2. Plaintiff Forest Collection, Inc. is a corporation which was formed under the laws of the State of Texas.

3. Defendant Federated Mutual Insurance Company ("Defendant" or "Defendant FMIC") is an insurance company which is authorized to conduct business in the State of Texas. Defendant Federated Mutual Insurance Company can be served with citation and process through its designated agent, Adrian P. Johnson, at 121 Airport Centre 1, 2208 Highway 121, Suite 205, Bedford, Texas 76021-6090.

EXHIBIT C

Page 1 of 9

Certified Document Number: 69052031 - Page 1 of 9

## III.
## Venue

4.      Plaintiff would show that venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code Section 15.001, et seq. To this extent, the loss occurred in Harris County, Texas and Defendant's wrongful conduct, described herein below, occurred in and within Harris County, Texas.

## IV.
## Facts

5.      On or about April 29, 2014, a vehicle suddenly and unexpectedly drove into and crashed into the lease space of Plaintiff FCI ("the incident" or "the loss incident"). Plaintiff FCI was and is a tenant at the Northpark Shopping Center Plaza. The accident/incident resulted in substantial losses and damages to the Plaintiff.

6.      Plaintiff immediately notified Defendant of the loss incident and that there were substantial losses and damages. Also, soon after the loss incident, Plaintiff hired and retained Mr. Perk Ostrewich, a licensed Public Insurance Adjuster, to investigate the losses and damages and to coordinate with the Defendant and its representatives toward providing Defendant and its representatives all necessary documentation and information regarding the loss incident and the substantial losses and damages suffered/sustained by Plaintiff. On behalf of Plaintiff, Mr. Ostrewich did so and Defendant set up a Claim No./Loss No. 256438 under Plaintiff's Businessowners Policy No. 9261175-BP-F-162 ("the Policy").

7.      Mr. Ostrewich, on behalf of the Plaintiff, investigated the losses and damages and found that the losses and damages were/are as follows:

| | |
|---|---|
| Merchandise | $11,167.52 plus 15% for freight ($1,675.13) = $12,842.65 |
| Display Fixtures | $14,478.70 |
| Wood Flooring | $22,500.00 |

Certified Document Number: 69052031 - Page 2 of 9

| | |
|---|---|
| Safari Animals | $28,300.00 |
| Business Interruption Loss | $10,229.81 |
| Repair/Clean-up Costs | $ 3,818.00 |
| **Total:** | **$92,169.16** |

By at least October, 2014, Mr. Ostrewich, on behalf of the Plaintiff, had reasonably provided Defendant Federated all documentation and information which could reasonably be gathered and obtained regarding Plaintiff's losses.

8.  Notably, after the incident, neither Defendant Federated nor any individual or entity purportedly on its behalf, disputed liability for the loss or liability for Plaintiff's losses and damages caused by the incident. Therefore, it was clear that Defendant was/is liable for the losses and damages suffered and incurred by Plaintiff.

9.  By at least October, 2015, Mr. Ostrewich, on behalf of the Plaintiff, provided Defendant with additional information and supporting documentation, and even obtained estimates from outside/third-party sources to support and establish some of the losses/damages. Thus, Defendant had more than sufficient estimates, supporting loss documentation, and all other information to evidence and support the Plaintiff's losses and damages. Nevertheless, Defendant failed to pay for the losses and damages; instead, it unreasonably delayed; it created delays and needless delays by asking for information even after the Plaintiff, via Mr. Ostrewich, provided all reasonable information and supporting documentation for the losses; and even beyond that, acknowledged damage to items and other losses via its representative, National Vendor, but then refused to pay for such damage and losses, unreasonably creating more delays by claiming that supporting information/documentation still needed to be provided. In fact, even though all reasonably accessible and available information/supporting documentation was provided, Defendant failed to make *any payment* for the damaged wood flooring, the valuable and unique safari animals, the business interruption loss, or the repair/clean-up costs.

Certified Document Number: 69052031 - Page 3 of 9

10. The Defendant delayed beyond the deadlines mandated by Texas law and ultimately, according to the Defendant's own correspondence, it alleged that it only paid the Plaintiff the total sum of $27,774.18, after deducting/subtracting $2,500.00 for the deductible. According to the Defendant, the deductible was applied to the Defendant's very first payment, instead of its last payment.

11. In addition, Defendant failed to identify the losses for which it allegedly paid, which caused confusion and more importantly, the paltry sum allegedly paid by the Defendant left the Plaintiff vastly under-compensated and underpaid in view of its substantial losses and damages caused by the loss incident. And then, abruptly, via a letter dated February 2, 2016, Defendant unilaterally and wrongfully sought to conclude and close the matter with a payment of $10,000.00, seeking to extract a resolution and bar of the Plaintiff's claim at a time when it knew that substantial losses and damages due to the loss incident remained unpaid.

12. In connection with the loss incident, as outlined above, Plaintiff is an insured under the Policy; Defendant is the insurance carrier and thus, Defendant owed the Plaintiff a duty of good faith and fair dealing. Nevertheless, although Defendant's liability under the Policy was abundantly clear and Plaintiff's losses and damages were sufficiently supported and established, Defendant still denied payment of most of Plaintiff's losses and damages and delayed payment on other losses and damages — all at a time when its liability was abundantly clear.

13. Throughout the course of its mishandling of the claim, as outlined below, Defendant violated provisions of Texas Insurance Code Chapter 541. As to the wood flooring, Mr. Ostrewich, on behalf of the Plaintiff, provided to Defendant an estimate to replace the wood flooring. Because a substantial portion of the flooring has been damaged, it is not reasonable or practical to replace just part of the wood flooring; Plaintiff is entitled to restore the wood flooring in the same condition it was in before the loss incident, which, in accordance with customary

Certified Document Number: 69052031 - Page 4 of 9

insurance practices and guidelines, requires that the wood flooring be replaced in its entirety. No other documentation can be provided to Defendant to support this loss amount. Yet, the Defendant claims that the wood flooring was not covered in disregard for the undisputable fact that it was an addition, betterment, and/or improvement of the Plaintiff as the Plaintiff paid for it under its Lease. As to the safari animals, Mr. Ostrewich, on behalf of the Plaintiff, provided Defendant with its ledger showing the prices which were paid for them and beyond that, an estimate was obtained from a collector, which showed and established the reasonable market value of the pieces. Likewise, invoices and/or other supporting documentation were provided to Defendant, which established the business income loss and the repair/clean-up costs incurred/sustained by Plaintiff. But yet, as set forth above, Defendant failed to make *any payment* for the wood flooring, the valuable and unique safari animals, the business interruption loss, or the repair/clean-up costs.

14. Even further, the representative/service hired/retained by Defendant, National Vendor, did not even contact the Plaintiff until September 19, 2014 — well after the loss incident — and after Federated had already made two payments. National Vendor assessed a few items, continued the mishandling of the claim on behalf of the Defendant, and it only recommended payment on 8 items. Even with that, the Defendant ignored the recommendation of National Vendor as the Defendant even failed to make the payment which National Vendor had recommended — although such amount was still paltry, insufficient, and still failed to address or pay for many of the losses and damages suffered by the Plaintiff.

## V.
## Causes Of Action

15. Plaintiff incorporates all of the facts set forth above in Paragraph Nos. 5-14.

losses and damages and also breached this duty by delaying payment on losses and damages incurred/suffered by Plaintiff due to the incident. Further, Defendant created unreasonable and needless excuses for delays; based denials on groundless assertions; claimed that the substantial damage to the wood flooring was not covered even though it is undisputable that the Plaintiff paid for the addition, betterment, and/or alteration of the wood flooring as a part of its Lease; entirely failed to pay for losses and damages which were established and proven; and among other things, Defendant denied paying for losses and damages even though its appraiser/representative, National Vendor, acknowledged damages to certain items which Defendant was contesting/failing to pay. The Plaintiff, via Mr. Ostrewich, provided all reasonably available and reasonably accessible information/documentation to support the Plaintiff's losses and damages. And all of this occurred when Defendant's liability was abundantly clear and certainly, reasonably clear. Clearly, Defendant's tactic was to simply advise the Plaintiff and Mr. Ostrewich that regardless of the information/ documentation which could be obtained and the information/documentation which had been reasonably provided, that more information was still needed to pay for many of the losses and damages which Plaintiff had suffered. Thus, the Defendant's actions and tactics were aimed at attempting to succeed in under-paying the claim and to ultimately delay long enough in hopes that Plaintiff might fail to timely file a lawsuit due to the Defendant's wrongful handling of the claim and wrongful failure to pay for the Plaintiff's losses and damages caused by the loss incident,

17. In addition, and independently, Defendant violated Texas Insurance Code Chapter 541 in a number of ways, including the following:

- Failing to bring about a prompt, fair, and an equitable settlement of the claim once its liability was reasonably clear (Tex. Ins. Code § 541.060(a)(2)(A));
- Since the Defendant has refused to pay for most of the Plaintiff's losses and damages, failure to provide any reasonable explanation for such failure and denial of the claim with respect to such losses and damages (Id. at § 541.060(a)(3));

Certified Document Number: 69052031 - Page 6 of 9

- Attempting to unilaterally close the claim and unilaterally obtain a closure of claim at a time when Defendant knew that a substantial amount of Plaintiff's losses and damages were unpaid even though Defendant's liability was more than reasonably clear (Id. at § 541.060(a)(6));

- Since Plaintiff, via Mr. Ostrewich, had reasonably provided all reasonably accessible information/documentation to support Plaintiff's losses and damages, refusing to pay the claim with regard to a substantial amount of losses and damages without reasonably investigating (Id. at § 541.060(a)(7)).

18.  In addition, and independently, Defendant violated Texas Insurance Code Chapter 542 in failing to, among other things, (a) timely acknowledge the claim, (b) timely commence and reasonably investigate the claim, (c) timely accept and pay for losses and damages as a part of the claim after it had reasonable information and reasonable supporting documentation for the Plaintiff's losses and damages, and (d) timely pay for losses and damages which it knew of and which, its appraiser/representative, National Vendor, knew of and had knowledge. Further, under Texas Insurance Code Sections 542.057 and 542.058, Defendant wrongfully refused to pay substantial losses and damages and thus, wrongfully rejected most of the Plaintiff's losses and damages from its valid claim and the Defendant failed to take appropriate action toward making the appropriate payment(s) for all of the losses and damages which Plaintiff suffered and which Plaintiff reasonably supported and reasonably established due to the loss incident.

## VI.
## Damages

19.  As a result of Defendant's wrongful conduct, bad faith, and violations of the Texas Insurance Code, Plaintiff is entitled to and seeks recovery of its actual damages (the amount of its losses and damages caused by the loss incident which Defendant has failed and refused to pay to date), additional damages under the Texas Insurance Code, reasonable attorney's fees, Court costs, and other damages to which Plaintiff is entitled. Due to Defendant's violations of Texas Insurance Code Chapter 541, Plaintiff is entitled to and seeks recovery of up to 3X the amount of its actual damages, as permitted by Insurance Code § 541.152(b). To that

Certified Document Number: 69052031 - Page 7 of 9

extent, the Defendant knew of its liability, knew of the losses and damages, knew that supporting information/documentation had reasonably been provided via Mr. Ostrewich, but Defendant still failed and refused to pay for a substantial amount of the losses and damages incurred and suffered by Plaintiff.

20. Further, due to Defendant's violations of Texas Insurance Code Chapter 542, Plaintiff is entitled to and seeks recovery of its actual damages and statutory damages. Without admitting that the amount which Defendant alleges it paid ($27,774.18) is accurate or that Plaintiff accepted this amount *as a partial payment,* Plaintiff is entitled to statutory damages on the difference between what Defendant has actually paid (and which Plaintiff accepted *as a partial payment*) and the total amount of Plaintiff's losses and damages caused by the loss incident. *If* Defendant actually paid $27,774.18 — and this amount was accepted by Plaintiff *as a partial payment* — the statutory damages would be applied to the amount of $64,394.98 (the difference between the total losses and damages [$92,169.16] and the amount which the Defendant has paid and which Plaintiff has accepted *as a partial payment* [$27,774.18]). And beyond that, as set forth above, under Texas Insurance Code Chapters 541 and 542, Plaintiff is entitled to and seeks recovery of its reasonable attorney's fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Forest Collection, Inc. respectfully prays that Defendant Federated Mutual Insurance Company be served with citation and process, and that upon final trial hereof, Plaintiff Forest Collection, Inc. have of and recover from Defendant all of Plaintiff's actual damages, extra damages and statutory damages as set forth above under the Texas Insurance Code, reasonable attorney's fees, pre-judgment interest to begin accruing at the earliest allowable time/date at the highest allowable rate, post-judgment interest to begin accruing at the earliest allowable time/date at the highest allowable rate, Court

forth above under the Texas Insurance Code, reasonable attorney's fees, pre-judgment interest to begin accruing at the earliest allowable time/date at the highest allowable rate, post-judgment interest to begin accruing at the earliest allowable time/date at the highest allowable rate, Court costs, and all other damages and relief, both general and special, at law or in equity, statutory, additional and otherwise, to which Plaintiff will show itself to be justly entitled.

Respectfully submitted,

KELLY, SUTTER & KENDRICK, P.C.

By: _____
STEVE E. COUCH
State Bar No. 04875650
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056-6570
Telephone: 713-595-6000
Facsimile: 713-595-6001
Email: scouch@ksklawyers.com

**ATTORNEYS FOR PLAINTIFF
FOREST COLLECTION, INC.**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 29, 2016

Certified Document Number:     69052031 Total Pages: 9

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**